IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSA RIVERA | NO. 1:11-CV-147 |
| OMARY RODRIGUEZ RIVERA | |
| MADELINE ECHEVARRIA | JUDGE KANE |
| LENORA HUMMEL | |
| THE PENNSYLVANIA STATE | MAGISTRATE JUDGE METHVIN |
|    CONFERENCE OF NAACP | |
|    BRANCHES ("NAACP") | |

v.

LEBANON SCHOOL DISTRICT

### REPORT AND RECOMMENDATION
### ON MOTION TO DISMISS
(Doc. 12)

This proposed class action against the Lebanon School District concerns truancy fines allegedly levied in excess of the $300 statutory maximum. Plaintiffs include parents who have been fined for the truancy of their children as well as a non-partisan organization advocating for equal educational opportunities for minority students. Plaintiffs claim that the District has collected at least 935 illegal fines since July 1, 2004, and that after being confronted about the issue, arbitrarily adjusted some fines but left others unchanged, violating plaintiffs' equal protection and due process rights.

2

Before the court is defendant's motion to dismiss.[1] The motion has been referred to the undersigned for a report and recommendation, and is now ripe for disposition.[2] For the following reasons, it is recommended that the motion be denied.

## FINDINGS AND RECOMMENDATIONS

### I. Background

As noted above, plaintiffs are the parents of students and former students of Lebanon School District. For purposes of the motion to dismiss, plaintiffs' factual allegations will be accepted as true.

Plaintiffs allege that the District has pursued a policy of seeking truancy fines under § 1333 of the Pennsylvania Public School Code of 1949, as amended, 24 Pa. C.S.A. §13-1333, that were in excess of the $300 statutory maximum.[3] The District sought and obtained fines as high as $9,000 plus costs per citation.[4] Pursuant to the statute, the District receives all fines collected by the District

---

[1] Defendant filed the motion to dismiss on March 25, 2011 and thereafter filed a supporting brief on March 28, 2011. (Docs. 12, 13). Plaintiffs filed a brief in opposition on April 8, 2011, to which defendant filed a reply on April 18, 2011. (Docs. 14, 15).

[2] On May 2, 2011, Judge Kane referred the pending motion for summary judgment to undersigned. (Doc. 16).

[3] Complaint, Doc. 1, at 2.

[4] *Id.*, ¶ 13, at 9.

3

Courts for truancy.[5] For the period July 1, 2004, through June 30, 2009, the District was awarded at least 935 fines in excess of $300, at least 178 of which were in excess of $1,000.[6] The District has accepted and retained excess fines totaling at least $107,000.[7] Many of the parents with excessive fines are on limited incomes and are paying the fines to the District Courts pursuant to monthly payment plans.[8] Many of the excessive fines are still being collected and turned over to the District.[9]

In 2010, after being notified that the fines were excessive, the District sought and obtained from the District Courts the adjustment of at least 340 fines which had outstanding balances, most down to the statutory maximum.[10] However, at least 273 fines which also have outstanding balances were excluded from the requests.[11] Additionally, parents who had already paid the excessive fines did not

---

[5] *Id.*, ¶ 14, at 10.

[6] *Id.*, ¶ 15, at 10.

[7] *Id.*, ¶ 16, at 10.

[8] *Id.*, ¶ 17, at 10.

[9] *Id.*

[10] *Id.*, ¶ 18, at 10; ¶ 20, at 11.

[11] *Id.*, ¶ 18, at 9-10.

4

receive any adjustments at all.[12] None of the parents who were excluded from adjustments were given an avenue of recourse to seek a refund.[13] The District has never disclosed the criteria used to select the fines to be reduced, nor is there a rational basis for the difference.[14] The intentional selection of some fines for adjustment and the exclusion of others similarly situated was arbitrary and capricious.[15] Consequently, plaintiffs include both parents who presently have outstanding fines in excess of the statutory maximum as well as parents who have paid in full such excessive fines.

Plaintiffs seek redress under federal and state guarantees of equal protection and due process, and the Civil Rights Act of 1871, 42 U.S.C. § 1983.[16] Additionally, plaintiffs propose a class action comprised of all individuals who have had truancy fines imposed in excess of $300.00 since July 1, 2004 and who either (1) have an outstanding fine in excess of $300 plus costs on a citation due or (2) have paid a fine in excess of $300.00 plus the costs on a citation. As relief

---

[12] *Id.*, ¶ 20, at 11.

[13] *Id.*, ¶ 22, at 12.

[14] *Id.*, ¶ 18, at 9-10.

[15] *Id.*, ¶ 19, at 11.

[16] *Id.*

5

plaintiffs seek to enjoin the District from imposing excessive fines and from arbitrarily reducing excessive fines imposed. It also seeks restitution for excessive fines paid and an award of attorneys fees and costs.

## II. Issues Presented

Defendant's motion to dismiss alleges the following grounds for dismissal:

1. The Lebanon School District is not the proper defendant as it lacks authority to impose or collect truancy fines.

2. Plaintiffs have failed to state a claim under § 1983 under either the equal protection or due process clauses.

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. When considering a motion to dismiss, the court must "accept all [of plaintiff's] factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir.2002)). *See also Matrixx Initiatives, Inc. v. Siracusano*, 131 S.Ct. 1309, 1322–23 (2011).

6

The complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The question is not whether the plaintiff will ultimately prevail, but whether the "complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011)(citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must do more than present "bald assertions" and "legal conclusions." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.* Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly*, 550 U.S. at 545 (citations omitted)(emphasis added). Plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* at 570. *See also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

A plaintiff "armed with nothing more than conclusions" is not entitled to discovery. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Consequently, "where

7

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S. at 557–58).

The Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "'plausible claim for relief.'" *Id.* at 210

(quoting *Iqbal*, 129 S. Ct. at 1950). That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. *Id.* at 211.

## IV. Discussion

### *Issue 1: Is the District is the proper defendant?*

In its motion to dismiss, defendant contends that plaintiffs have failed to state a claim upon which relief can be granted inasmuch magisterial district judges, not the District, are the ones with the authority to impose and collect fines. The applicable statutory provision on truancy provides, in pertinent part:

> Every parent, guardian, or person in parental relation, having control or charge of any child or children of compulsory school age, who shall fail to comply with the provisions of this act regarding compulsory attendance, shall on summary conviction thereof, be sentenced to pay a fine, for the benefit of the school district in which such offending person resides, not exceeding three hundred dollars ($300)[.]

24 P.S. § 13-1333(a)(1). Additionally, the truancy statute states: "Any person sentenced to pay any such fine may appeal to the court of common pleas of the proper county." *Id.* Defendant argues that it is therefore the province of the magisterial district judge to impose and collect such fines, and any recourse plaintiffs seek lies therein, not against the District.

However, plaintiffs maintain that they do not challenge the fact of the truancy underlying the citations and, ultimately, the fines imposed. Rather, they

contend that it is the District which institutes the formal requests for adjustment by the court, and further, that the District files truancy citations, serve summonses, provides the district court with information regarding non-attendance and makes recommendations as to punishment.

As noted above, plaintiffs' complaint alleges that after notification of the excessive fines, the District requested a reduction in some, but not all, fines by the magisterial district judge. This demonstrates that not only is the District the proper defendant, but also that by requesting reduction in some fines, the District has tacitly acknowledged that the fines were excessive.

Accepting plaintiffs' allegations as true, plaintiffs have stated a plausible claim for relief against the District. As noted above, the "plausible grounds" requirement "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556. While it may ultimately be the province of the magisterial district judges to formally set or reduce fines, plaintiff has asserted a plausible claim that such actions are procedurally instituted by the District, and the District plays an active role in truancy adjudication. These allegations are sufficient to survive a motion to dismiss, and it is recommended that the motion be denied on this issue.

10

*Issue 2: Have plaintiffs stated a claim under § 1983?*

Plaintiffs challenge the reduction of some, but not all, fines imposed as arbitrary and raising due process implications. They also challenge the failure of defendant to provide plaintiffs who have paid an excessive fine an opportunity to challenge the fine and/or seek reimbursement.

Under 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. Section 1983 imposes civil liability upon any person who, under color of state law, deprives someone of the rights, privileges, or immunities secured by the federal Constitution or the laws of the United States. *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To establish a Section 1983 claim, therefore, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation

11

[violation of a right] was committed by a person acting under the color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

In *Monell v. Department of Social Services*, the United States Supreme Court declared that "Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. 658, 690 (1978). Thus, municipalities maybe sued under § 1983, with some limitations. A school district is a municipality for the purposes of a § 1983 claim. *See* 53 Pa. C.S.A. § 7101 (defining "municipality" to include school districts); *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir.2006) (analyzing a school district's liability as a municipality); *SF ex rel. Freeman v. Delaware Valley School Dist.*, No.: 3:08-CV-581, 2008 WL 4680580, *4 (M.D. Pa. Oct. 20, 2008) ("Municipal entities such as a school district can also be actors under § 1983.")

Defendant challenges plaintiffs' § 1983 claim on both equal protection and due process grounds. Each will be addressed in turn.

*1. Equal Protection*

Defendant argues that "discriminatory intent is a prerequisite to a § 1983 case based on a violation of the Equal Protection Clause," and that plaintiff's have failed to establish such intent.[17]

---

[17] Doc. 13, at 6.

12

The Fourteenth Amendment mandates that no State "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV. The United States Supreme Court has recognized that the Equal Protection Clause of the Fourteenth Amendment grants every person protection from "intentional and arbitrary discrimination" by state agents. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). The Equal Protection Clause safeguards not merely against such invidious classifications as race, gender and religion, but any arbitrary classification of persons for unfavorable governmental treatment. *Wayte v. United States*, 470 U.S. 598, 608 (1985)(emphasis added).

Judicial interpretations of the equal protection clause have all recognized that governmental action is classification-oriented. *Philadelphia Police & Fire Ass'n for Handicapped Children, Inc. v. City of Philadelphia*, 874 F.2d 156, 162 (3d Cir.1989). Unless state action burdens a fundamental interest or hinges upon a suspect or quasi-suspect criterion, "courts are quite reluctant to overturn governmental action on the ground that it denies equal protection of the laws." *Vance v. Bradley*, 440 U.S. 93, 96-97 (1979).

Thus, in reviewing a claim asserting a violation of the equal protection clause, a court must first determine the appropriate standard by which it is to review the claim. *Donatelli v. Mitchell*, 2 F.3d 508, 513 (3d Cir.1993). If state

action does not burden a fundamental, constitutional right or target a suspect class, the "challenged classification must be upheld 'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Id.* (quoting *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993)). If the challenged state action involves a "suspect" classification such as those based on race, alienage or national origin, or infringes on a fundamental constitutional right, the strict scrutiny standard is applied. *Id.*

Defendant maintains that the complaint fails to articulate the requisite discriminatory intent under § 1983 inasmuch as it does not allege that plaintiffs have been treated differently from similarly situated individuals based on a protected classification such as race, alienage or national origin. Conceding that defendant's action neither burden a fundamental right nor target a suspect class, plaintiffs assert that the equal protection issue shall be analyzed under the rational basis standard. *See Romer v. Evans*, 517 U.S. 620, 631 (1996) (if a statute neither burdens a fundamental right nor targets a suspect class, it does not violate equal protection so long as it bears a rational relationship to some legitimate end.)

Governmental action will be considered constitutional under rational basis review if there is "any reasonably conceivable set of facts that could provide a rational basis for" it. *FCC v. Beach Communications*, 508 U.S. at 313. Although

14

this is a low threshold, the Supreme Court has nonetheless instructed that "even in the ordinary equal protection case calling for the most deferential standards, we insist on knowing the relation between the classification adopted and the object to be obtained." *Id.* at 632. To mount a successful equal protection challenge, plaintiffs must prove only that the District treated them differently from similarly situated parents of truant students whose fines were reduced without any reasonable basis. On rational-basis review, a classification carries a presumption of validity, and those attacking the rationality of the classification "have the burden 'to negative every conceivable basis which might support it.'" *Beach Communications, Inc.*, 508 U.S. at 315 (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)). A court may uphold state action creating a classification on any conceivably valid purpose, even when the court itself supplies the hypothetical basis. *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 423 (3d Cir.2000).

The complaint alleges that individuals who were fined in excess of $300 were treated differently – some fines were reduced, others were not. Whether a rational basis exists to support a distinction between those who fines were reduced and those whose were not is unclear. It appears, therefore, that a conceivable basis to support the classifications is lacking. By asserting that there were different

15

classifications for which a rational basis is not apparent, plaintiffs have demonstrated the plausibility of their entitlement to relief and have this stated an equal protection claim. Accordingly, it is recommended that the motion to dismiss be denied on this claim.

    *2. Due Process*

Defendant argues that plaintiffs' due process claim fails because the complaint is silent to a property right violated. Plaintiffs respond, quite predictably, that the money sought collected from illegal fines constitutes property.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A cause of action for a procedural due process violation requires a plaintiff to first prove that a person acting under color of state law deprived him of a protected property interest; and second, he must show that the procedures available to him failed to provide him with due process of law. *Clark v. Conahan*, 737 F. Supp.2d 239, 263 (M.D. Pa. 2010) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir.2000)).

"In analyzing a procedural due process claim, the first step is to determine whether the nature of the interest is one within the contemplation of the liberty or

16

property language of the Fourteenth Amendment." *Newman v. Beard*, 617 F.3d 775, 782–83 (3d Cir.2010) (quotations omitted) (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972)). "If the court concludes that such an interest exists, the next issue is whether the procedures provided to the plaintiff afforded that individual due process of law." *Newman*, 617 F.3d at 782–83. If the court determines "that the interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it," and "whether the procedures provided to the plaintiff afforded that individual due process of law." *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Defendant's motion to dismiss is completely unsupported on this ground. It is clear that the property interest identified by plaintiffs is money. Defendants have pointed to no authority suggesting that money is not property. Plaintiffs have articulated a lack of process available to them to seek redress for excessive fines imposed on truancy citations. The motion to dismiss should, consequently, be denied on this claim.

## V. Recommendation

Based on the foregoing, it is respectfully recommended that the motion to dismiss (Doc. 12) be denied.

Signed July 27, 2011.

_____
MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE