IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSA RIVERA, et al.,** | : | |
| | : | **Civil Action No. 1:11-cv-00147** |
| **Plaintiffs** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **LEBANON SCHOOL DISTRICT,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

Plaintiffs, parents of children attending the Lebanon School District who have been fined for their children's truancy, initiated this action by filing a complaint against Defendant Lebanon School District on January 20, 2011. (Doc. No. 1.) On March 25, 2011, Defendant filed a motion to dismiss. (Doc. No. 12.) After the parties had fully briefed Defendant's motion, the Court referred this matter to Magistrate Judge Mildred E. Methvin. (Doc. No. 16.) On July 27, 2011, Magistrate Judge Methvin issued a Report and Recommendation on Defendant's motion to dismiss. (Doc. No. 19.) Defendant timely filed objections to Magistrate Judge Methvin's Report and Recommendation on August 5, 2011. (Doc. No. 20.) Specifically, Defendant objected to Magistrate Judge Methvin's conclusion that the Lebanon School District is a proper defendant and to her conclusion that Plaintiffs have stated a claim for relief under 42 U.S.C. § 1983. (Id. at ¶¶ 1, 2.) For the reasons stated more fully herein, the Court will adopt the Report and Recommendation and deny Defendant's motion to dismiss.

## I.    BACKGROUND[1]

Pursuant to the statutory requirements of 24 P.S. § 13-1354, Defendant has filed more than 1,200 citations for violations of Pennsylvania's compulsory school attendance law, 24 P.S. § 13-1327, in each school year since the 2004-05 school year.  (Doc. No. 1 ¶¶ 9-10.)  During the 2008-09 school year, Defendant issued at least 1,489 citations against more than 700 parents and students.  (Id. ¶ 9.)  Defendant filed these citations in Pennsylvania Magisterial District Courts 52-1-01 and 52-2-01.  (Id. ¶ 12.)  A Magisterial District Judge may impose a fine not to exceed $300 on the parent of a child violating the compulsory school attendance law.  24 P.S. § 13-1333.  Any fine imposed by the Magisterial District Judge is paid to the school district.  Id.

Plaintiffs allege that Defendant sought fines in excess of the statutory maximum.  (Doc. No. 1 ¶¶ 13-15.)  Between July 1, 2004, and June 30, 2009, Magisterial District Judges awarded Defendant some 935 fines in excess of $300, at least 178 of which were in excess of $1,000.  (Id. ¶ 15.)  During this period, Defendant accepted and retained fines exceeding the statutory maximum on at least 323 occasions, for a total of at least $107,000 in excess fines.  (Id. ¶ 16.)  In 2010, however, Defendant sought and obtained a downward adjustment of at least 340 fines that had been levied in excess of the statutory maximum to comply with 24 P.S. § 13-1333.  (Id. ¶ 18.)  Plaintiffs estimate that at least 273 illegal fines that still have outstanding balances were excluded from the adjustments.  (Id.)  The 340 fines adjusted to comply with the statute were solely those fines with outstanding balances due.  (Id. ¶ 20.)  No fines that had already been paid

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir.2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

in full were affected by the adjustments.  (Id.)  Defendant has not notified any class members of

a procedure to seek adjustment, nor has Defendant offered restitution of excessive amounts

already paid.  (Id. ¶ 22.)

## II.      STANDARD OF REVIEW

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b) provide

that any party may file written objections to a magistrate's proposed findings and

recommendations.  In deciding whether to accept, reject, or modify the Report and

Recommendation, the Court is to make a de novo determination of those portions of the Report

and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint,

Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court

may "consider only the allegations in the complaint, exhibits attached to the complaint, matters

of public record, and documents that form the basis of a claim."  Lum, 361 F.3d at 221 n.3.  The

motion will only be properly granted when, taking all factual allegations and inferences drawn

therefrom as true, the moving party is entitled to judgment as a matter of law.  Markowitz v.

Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on the moving party to

show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  Thus,

the moving party must show that Plaintiff has failed to "set forth sufficient information to outline

the elements of his claim or to permit inferences to be drawn that those elements exist."  Kost, 1

F.3d at 183 (citations omitted).  A court, however, "need not credit a complaint's 'bald

assertions' or 'legal conclusions' when deciding a motion to dismiss."  Morse v. Lower Merion

Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).  Indeed, while the 12(b)(6) standard does not

require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion

of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above

the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Put otherwise, a civil

complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1955 (2009)).

## III.    DISCUSSION

Defendant raises two objections to Magistrate Judge Methvin's Report and

Recommendation.  (Doc. No. 20.)  First, Defendant asserts that Magistrate Judge Methvin

incorrectly concluded that it is a proper defendant.  (Id. at ¶ 1.)  Second, Defendant claims that

Magistrate Judge Methvin incorrectly concluded that Plaintiffs have stated a claim for relief

under 42 U.S.C. § 1983.  (Id. at ¶ 2.)  The Court will consider these arguments seriatim.

### A.    Whether Lebanon School District is the Proper Defendant

In support of its motion to dismiss, Defendant argues that Plaintiffs have failed to state a

claim upon which relief can be granted because Plaintiffs have sued the incorrect party.  (Doc.

No. 13.)  In her Report and Recommendation, Magistrate Judge Methvin rejected Defendant's

argument, concluding that Plaintiffs did not challenge the imposition of fines, but rather that they

challenged Defendant's decision to request a reduction of only some of the excessive fines.

(Doc. No. 19 at 8-9.)  Defendant objected, arguing that the Report and Recommendation "failed

to take notice of the fact that only the courts, and not the School District, have authority to issue

and/or collect fines in truancy matters."  (Doc. No. 20-1 at 3.)

Defendant is correct that the magisterial judges possess the exclusive authority to impose and collect truancy fines.  See 24 Pa. Stat. § 13-1333(a)(3), (4).  In making this argument, Defendant once again fails to confront the substance of Plaintiffs' complaint.  As noted by Magistrate Judge Methvin, the complaint does not challenge the imposition of fines.  Rather, Plaintiffs challenge, inter alia, Defendant's actions in "selectively seeking reduction of statutorily excessive fines," "using undisclosed criteria to determine which excessive fines imposed would be selected for adjustment, and in failing to provide Plaintiffs and Plaintiff class members with any opportunity to establish whether fines imposed on them met the criteria." (Doc. No. 1 ¶¶ 32-33.)  As noted by Magistrate Judge Methvin, "[w]hile it is ultimately the province of the magisterial district judges to formally set or reduce fines, [P]laintiff[s] ha[ve] a plausible claim that such action are procedurally instituted by the District, and the District plays an active role in truancy adjudication."  (Doc. No. 19 at 9.)  Because Defendant's arguments on this issue focus solely on claims that are not present in this action, its arguments are unavailing.

**B.     Claims Raised Pursuant to 42 U.S.C. § 1983**

Plaintiffs have asserted claims against Defendant pursuant to 42 U.S.C. § 1983 alleging violations of the Equal Protection and Due Process Clauses of the United States Constitution. (Doc. No. 1 ¶ 32, 33.)  Plaintiffs claim that, by selectively requesting reduction of only some fines imposed in excess of the statutory maximum, Defendant intentionally denied Plaintiffs the equal protection of the law in violation of the Fourteenth Amendment.  (Id.)  Plaintiffs further assert that by using undisclosed criteria to determine which excessive fines would be selected for adjustment and by failing to provide the Plaintiffs with any opportunity to establish whether imposed fines met such criteria, Defendant intentionally deprived Plaintiffs of due process

guaranteed by the Fourteenth Amendment.  (Doc. 1 ¶ 33.)

> ### *1. Equal Protection Claim*

In support of its motion to dismiss, Defendant argues that Plaintiffs have failed to allege sufficient facts to support an equal protection claim under Section 1983 because the complaint asserts no facts from which discriminatory intent can be inferred.  (Doc. No. 13 at 6.) Specifically, Defendant claims that "the complaint does not establish that Plaintiffs were treated differently from similarly situated individuals on the basis of any protected class."  (Id.) Magistrate Judge Methvin rejected this argument, concluding that the Equal Protection Clause protects against more than such invidious classifications as race, gender, or religion.  (Doc. No. 19 at 12.)  Rather, the Equal Protection Clause has been interpreted to prevent any arbitrary classification of persons for unfavorable government treatment.  See Wayte v. United States, 470 U.S. 598, 608 (1985); Willowbrook v. Olech, 528 U.S. 562, 564 (2000) ("[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." (internal citations and quotations omitted)).  Defendant objects to Magistrate Judge Methvin's application of rational basis review in concluding that Plaintiffs have stated an Equal Protection claim.

Plaintiffs base their equal protection claim on their status as excessively fined individuals whose fines were not reduced, while other individuals who received excessive fines received downward adjustments as a result of Defendant's intervention.  (Doc. No. 19 at 14.)  Where an Equal Protection claim does not allege that government action targets a suspect class or burdens a fundamental right, Plaintiffs must allege sufficient facts to show that the challenged

classification will not satisfy rational basis review.  See Romer v. Evans, 517 U.S. 620, 631

(1996) (applying rational basis review when challenged statute neither targets a suspect class nor

burdens a fundamental right); Doe v. Pa. Bd. of Prob. & Parole, 513 F.3d 95, 107 (3d Cir. 2008).

This is precisely the standard Magistrate Judge Methvin applied.  (Doc. No. 19 at 14.)  As was

stated in the Report and Recommendation:

> The complaint alleges that individuals who were fined in excess
> of $300 were treated differently – some fines were reduced, others
> were not.  Whether a rational basis exists to support a distinction
> between those whose fines were reduced and those whose were
> not is unclear.  It appears, therefore, that a conceivable basis to
> support the classification is lacking.  By asserting that there were
> different classifications for which a rational basis is not apparent,
> [P]laintiffs have demonstrated the plausibility of their entitlement
> to relief.

(Doc. No. 19 at 14-15.)

Ultimately, Defendant presents no reason to disturb Magistrate Judge Methvin's finding

that, at this stage, Plaintiffs have pleaded sufficient facts to support a finding that similarly

situated individuals were treated differently and that no rational basis exists for the distinction

between the excessive fines that were reduced and those that were not.  Because, based on the

pleadings, it is conceivable that no rational basis existed for the disparate treatment of these two

similarly situated groups of excessively fined individuals, Plaintiffs have alleged sufficient facts

to survive Defendant's motion for summary judgment.  Accordingly, the Court will adopt

Magistrate Judge Methvin's recommendation that Defendant's motion to dismiss Plaintiff's

claim under the Equal Protection Clause be denied.

### 2.  Due Process Claim

Defendant raises three arguments as to why Plaintiffs' due process claims should be

7

dismissed.  First, Defendant asserts that the "complaint is silent as to the property right(s) that have been allegedly violated."  (Doc. No. 13 at 7.)  Second, Defendant contends that Plaintiffs do not constitute a class of individuals who have been treated differently from other similarly individuals.  (Id.)  Finally, Defendant argues that "because the underlying truancy actions are summary criminal proceedings, . . . Plaintiffs must establish that there was no probable cause for pursuing the truancy actions in order to prevail."  (Id.)

Regarding Defendant's argument concerning Plaintiffs' failure to state a property right that was violated, Magistrate Judge Methvin correctly concluded that Defendant's motion to dismiss is "completely unsupported on this ground."  (Doc. No. 19 at 16.)  The property interest alleged by Plaintiffs to have been violated is money.  (Doc. No. 1 ¶¶ 21-22, 33.)  Defendant does not object to this conclusion, and the Court sees no reason to disturb it.

The Report and Recommendation does not address Defendant's final two arguments as to why Plaintiffs' due process claims should be dismissed.  However, upon review of these arguments, it is clear to the Court that they are both without merit.  The Court has already accepted Magistrate Judge Methvin's conclusion that the complaint alleges sufficient facts to establish that Plaintiffs were treated differently than other similarly situated individuals, namely, those whose fines were reduced.  Additionally, Plaintiffs do not claim that they were innocent of the truancy charges, nor do they challenge Defendant's initiation of truancy actions against them.  Rather, Plaintiffs are challenging Defendant's subsequent action: Defendant's request that only certain excessive truancy fines be reduced.  Consequently, the existence of probable cause is irrelevant to this claim because Plaintiffs are not contesting their underlying guilt or innocence nor are they challenging Defendant's initiation of truancy actions.  Rather, they are only

challenging Defendant's decision to selectively seek reduction of only a fraction of the statutorily excessive fines.  Defendant fails to articulate any reason to support a finding that probable cause is a defense to such an action.  Accordingly, the Court agrees with Magistrate Judge Methvin's recommendation that Defendant's motion to dismiss Plaintiffs' due process claim be denied.

### C.     State Claims

Defendant has not put forth any arguments in favor of the motion to dismiss Plaintiffs' state law claims.  In the absence of any arguments in support of the motion, the Court will deny the motion.

## IV.  CONCLUSION

Defendant fundamentally misconstrues the nature of Plaintiffs' claims.  Each of Defendant's arguments assume that Plaintiffs have challenged the imposition of the statutorily excessive fines.  They have not.  Rather, Plaintiffs challenge Defendant's actions in selectively seeking to reduce only a fraction of the fines imposed that exceeded the statutory maximum. Defendant has raised no arguments either in its motion to dismiss or in its objections to Magistrate Judge Methvin's Report and Recommendation challenging the claims Plaintiffs actually raise.

**ACCORDINGLY**, on this 16th  day of November 2011, **IT IS HEREBY ORDERED THAT** Magistrate Judge Methvin's Report and Recommendation (Doc. No. 19) is **ADOPTED** and Defendant's motion to dismiss (Doc. No. 12) is **DENIED**.

  S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

9