IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSA RIVERA, et al., | : | |
|     Plaintiffs | : | No. 1:11-cv-147 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| LEBANON SCHOOL DISTRICT, | : | |
|     Defendant | : | |

## MEMORANDUM

Currently pending before the Court is Plaintiffs' April 5, 2012 motion for class certification. (Doc. No. 33.) A hearing on the motion was held on June 21, 2012. For the reasons that follow, the Court will grant the motion.

## I.  BACKGROUND

Plaintiffs filed the above captioned case on January 20, 2011, against Defendant Lebanon School District alleging violations of their rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment related to the collection and retention of unlawful truancy fines. (Doc. No. 1.) Pursuant to the statutory requirements of 24 P.S. § 13-1354, Defendant has filed more than 1,200 citations for violations of Pennsylvania's compulsory school attendance law, 24 P.S. § 13-1327, in each school year since the 2004-05 school year. (Doc. No. 1 ¶¶ 9-10.) During the 2008-09 school year, Defendant issued at least 1,489 citations against more than 700 parents and students in Pennsylvania Magisterial District Courts 52-1-01 and 52-2-01. (Id. ¶¶ 9, 12.) Pursuant to the statute, a Magisterial District Judge may impose a fine not to exceed $300 on the parent of a child violating the compulsory school attendance law. 24 P.S. § 13-1333. Any fine imposed by the Magisterial District Judge is paid to the school district. Id.

Plaintiffs allege that Defendant sought fines in excess of the statutory maximum. (Doc. No. 1 ¶¶ 13-15.) Between July 1, 2004, and June 30, 2009, Magisterial District Judges awarded Defendant some 935 fines in excess of $300, at least 178 of which were in excess of $1,000. (Id. ¶ 15.) During this period, Defendant accepted and retained fines exceeding the statutory maximum on at least 323 occasions, for a total of at least $107,000 in excess fines. (Id. ¶ 16.) In 2010, however, Defendant sought and obtained a downward adjustment of at least 340 fines that had been levied in excess of the statutory maximum to comply with 24 P.S. § 13-1333. (Id. ¶ 18.) No fines that had already been paid in full were affected by the adjustments. (Id.) Defendant has not notified any class members of a procedure to seek adjustment, nor has Defendant offered restitution of excessive amounts already paid. (Id. ¶ 22.)

Plaintiffs now seek certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure consisting of all persons against whom the Magisterial District Court 52-01-01 or 51-02-01 imposed fines exceeding $300 per citation for truancy violations in the Lebanon School District who have paid an amount exceeding $300 plus costs on any single citation. Plaintiffs seek declaratory relief as well as restitution of excessive payments retained by Defendant.

## II.   STANDARD OF REVIEW

Parties seeking class certification have the burden of demonstrating that the requirements of Rule 23 have been satisfied, but they do not need to prove the merits of their case at the class certification stage. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974). However, "a preliminary inquiry into the merits is sometimes necessary to determine whether the alleged claims can be properly resolved as a class action." Newton v. Merrill Lynch, 259 F.3d 154, 168

(3d Cir. 2001). The class certification requirements are "meant to assure both that class action is necessary and efficient and that it is fair to the absentees under the particular circumstances." Baby Neal for and by Kanter v. Casey, 43 F.3d 48, 55 (3d Cir. 1994). To demonstrate that a class action is an appropriate method of litigation, the party seeking certification has the burden of demonstrating, by a preponderance of the evidence, that all requirements under Rules 23(a) and (b) have been met. In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 320 (3d Cir. 2008).

### III. DISCUSSION

Rule 23(a) permits the certification of a class only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). With regard to Rule 23(b), Plaintiffs seek class certification under 23(b)(2), which requires the Court to also find that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The sole issue raised by Defendants in opposition to class certification is whether Plaintiffs have satisfied the typicality requirement of Rule 23(a)(3). (Doc. No. 35.) In the interest of completeness, the Court will address this issue first, and then briefly review the remaining class certification requirements.

### A. Rule 23(a)(3) Typicality Requirement

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement is intended to ensure that the representative plaintiffs' claims "align with those of absent class members so as to assure that the absentees' interests will be fairly represented." Baby Neal, 43 F.3d at 57. Factual differences among the various claims do not preclude a finding of typicality, so long as the injuries affecting both the named and absentee plaintiffs stem from the same unlawful conduct. Id. at 58 (stating that differences in fact do "not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory" (citation omitted)). In other words, this requirement is satisfied when the class representatives "prove that there is a pervasive violation and that the various injuries alleged all stem from that common violation." Id.

In response to the motion for class certification, Defendant contends that "none of [the proposed class representatives] paid more than $300.00 per truancy citation and thus, the injury suffered and the relief requested by the proposed class is different than that of the individual plaintiffs." (Doc. No. 35.) Defendant supports this statement with nothing more than an apparent misunderstanding of a declaration submitted by Plaintiffs. As Plaintiffs amply demonstrated at the class certification hearing and in the exhibits filed in support of their motion for class certification, each of the proposed class representatives paid fines exceeding $300 per truancy citation to Defendant and Defendant has not returned any of the excessive payments to the proposed class representatives. (Doc. No. 36-1.) For example, Plaintiff has produced evidence – and Defendant conceded at the class certification hearing – that Madeline Echevarria

was fined $900.00 for a single truancy citation, a sum she has paid to the District in full.  (Doc. No.36-1 at 7.)  Likewise, the evidence indicates that the remaining proposed Plaintiffs have paid $1,085.00, $393.45, and $1,000.00 to Defendant in response to individual truancy actions. Defendants have made no credible arguments in support of their quixotic position that none of the proposed class plaintiffs have paid fines exceeding $300.00.  Therefore, the Court finds that Plaintiffs have satisfied Rule 23(b)(3)'s typicality requirement.

### B.    Remaining Rule 23(a) Requirements

Rule 23(a)(1) requires that "the class [be] so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The rule does not set forth a minimum number of plaintiffs needed to certify a class, "but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."  Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001).  Defendant made no arguments regarding numerosity in its brief.  At the hearing, Defendant made a brief argument on this issue.  The evidence shows, however, that the proposed class would include more than 150 plaintiffs. Accordingly, the Court is satisfied that the numerosity requirement has been met.

Rule 23(a)(2) requires that "there [be] questions of law or fact common to the whole class."  Fed. R. Civ. P. 23(a)(2).  This requirement is satisfied where "'the named plaintiffs share at least one question of fact or law with the grievances of the proposed class.'"  Newton, 259 F.3d at 183 (quoting Baby Neal, 43 F.3d at 56).  Defendant has raised no arguments in opposition to Plaintiffs' position that the commonality requirement has been met.  In the present matter, each member of the putative class presents an identical legal question, namely, whether Defendant violated their rights to equal protection and due process by obtaining and retaining

excessive truancy fines while failing to recommend a reduction of those fines and failing to provide notice or procedures for challenging those fines.  In the absence of any argument to the contrary, the Court is satisfied that this requirement has been met.

Finally, Rule 23(a)(4) requires that the proposed class representatives "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Relevant to this inquiry is whether: (1) the proposed class representatives have the ability and incentive to represent the claims of the class vigorously; (2) the proposed class representatives have obtained adequate counsel; and (3) there is a conflict between the claims of the individual class representatives and those asserted on behalf of the entire class.  Hassine v. Jeffes, 846 F.2d 169, 179 (3d Cir. 1988).  Defendant has raised no arguments in opposition to Plaintiffs' position that the adequacy requirement has been met.  Upon a review of the testimony provided at the class certification hearing as well as the declarations of the attorneys secured by Plaintiffs, the Court is satisfied that Plaintiffs have met the adequacy requirement.

### C. Rule 23(b)(2)

After satisfying each of the requirements under Rule 23(a), Plaintiffs must proceed to establish that they met one of the three types of class actions outlined in Rule 23(b)(2).  Rule 23(b)(2) permits class treatment where "the party opposing the class has acted or refused to act on grounds generally applicable to the class."  Fed. R. Civ. P. 23(b)(2); Wal-Mart Stores, Inc., v. Dukes, 131 S. Ct. 2541, 2557 (2011).  "Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of cases that may be pursued pursuant to Rule 23(b)(2).  Amchem Prods. v. Windsor, 521 U.S. 591, 614 (1997).  In the present matter, Plaintiffs seeks general declaratory relief that Defendant's conduct violated their civil rights as

well as restitution that would flow directly from such declaration. This is precisely the type of relief a Rule 23(b)(2) class is intended to provide. See Dukes, 131 S.Ct. at 2557. Therefore, in the absence of any argument to the contrary from Defendant, the Court is satisfied that the proposed class may properly proceed under Rule 23(b)(2).

## IV.  CONCLUSION

In opposition to Plaintiffs' motion for class certification, Defendant offers only a single factual argument: that none of the proposed class representatives have suffered an injury typical of the proposed class. This argument is belied by the court records submitted by Plaintiffs, and defense counsel himself conceded at the class certification hearing that at least one of the proposed class representatives did indeed satisfy the typicality requirement. Defendant has not raised a single additional argument in opposition to class certification. Accordingly, the Court finds that Plaintiffs have satisfied their burden under Rule 23.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROSA RIVERA, et al.,** | : | |
|     Plaintiffs | : | No. 1:11-cv-147 |
| | : | |
|     v. | : | (Chief Judge Kane) |
| | : | |
| **LEBANON SCHOOL DISTRICT,** | : | |
|     Defendant | : | |

## ORDER

**AND NOW**, on this 28th day of June 2012, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for class certification (Doc. No. 33) is **GRANTED**. A class consisting of all persons against whom the Magisterial District Court 52-01-01 or 51-02-01 imposed fines exceeding $300 per citation for truancy violations in the Lebanon School District who have paid an amount exceeding $300 plus costs on any single citation is certified.

                                         S/ Yvette Kane
                                         Yvette Kane, Chief Judge
                                         United States District Court
                                         Middle District of Pennsylvania