**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROSA RIVERA, <u>et al.</u>, | : | |
|     Plaintiffs | : | No. 1:11-cv-147 |
| | : | |
|     v. | : | |
| | : | (Chief Judge Kane) |
| LEBANON SCHOOL DISTRICT, | : | |
|     Defendant | : | |

## <u>MEMORANDUM</u>

Before the Court is Defendant Lebanon School District's motion for summary judgment (Doc. No. 45) and Plaintiffs' motion for partial summary judgment (Doc. No. 48). The motions have been fully briefed and are now ripe for disposition. For the reasons that follow, the Court will deny Defendant's motion for summary judgment. The Court will deny in part and grant in part Plaintiffs' motion for partial summary judgment.

## I.     BACKGROUND

Under Pennsylvania's compulsory school attendance law, any parent or guardian in control of a child of compulsory school age may be fined if his or her child fails to attend school. 24 Pa. Stat. § 13-1333(a)(1). School districts and magisterial district courts assess and collect truancy fines under the law. <u>Id.</u>; <u>id.</u> at § 13-1332. First, the school district reports the truancy violation by submitting a citation to the magisterial district judge. Once the citation has been received, the judge holds a mandatory hearing before convicting the parent. <u>Id.</u> at § 13-1333(a)(2). If convicted, the judge then imposes a fine, which is set at a maximum of $300 plus costs on each citation. <u>Id.</u> at § 13-1333(a)(1). The magisterial district court collects the fine

1

from the parent, and the fine is then remitted to the school district's treasurer. 24 Pa. Stat. § 1-109.

Pursuant to this compulsory school attendance law, during the period between the start of the 2004-05 school year and the 2008-09 school year, over seven hundred fines in excess of $300 plus costs per citation were assessed against parents and students in the Lebanon School District. (Doc. No. 48-2 ¶ 10.) Some of the fines were for as much as $9,000. (Id.) Although the magisterial district courts subsequently reduced any unpaid truancy fines to $300 plus costs, no adjustment was made to truancy fines paid in full. Monies collected from these fines were remitted to the Lebanon School District. (Id.) Over two hundred parents paid truancy fines in excess of $300 plus costs that are being retained by the Lebanon School District. (Id. ¶¶ 10, 13.)

On January 20, 2011, Plaintiffs filed a complaint pursuant to 42 U.S.C. § 1983 in this Court. (Doc. No. 1.) In Count I of their complaint, Plaintiffs allege that Defendant Lebanon School District violated the Equal Protection Clause by collaborating with the magisterial district courts to reduce unpaid truancy fines in excess of the statutory maximum while retaining paid truancy fines also in excess of the statutory maximum. (Doc. No. 1 ¶ 32.) Plaintiffs claim this behavior was arbitrary and denied Plaintiffs equal protection of the laws. (Id.) Plaintiffs further claim that Defendant used "undisclosed" criteria to determine which excessive fines would be reduced, and thus intentionally deprived plaintiffs due process of the laws in violation of the Fourteenth Amendment. (Id. ¶ 33.) In Count II of their complaint, Plaintiffs raise state law claims, seeking a declaratory judgment that Defendant is not entitled to receive truancy fines in excess of the amount allowable by 24 Pa. Stat. § 13-1333(a)(1), and that Defendant was unjustly enriched by its receipt of excessive truancy fines and thus should make restitution to Plaintiffs.

(Id. ¶¶ 35-39.)

Plaintiffs originally consisted of four parents of children attending school in the Lebanon School District who had paid excessive truancy fines, and the Pennsylvania State Conference of NAACP Branches (PA-NAACP), a non-partisan organization with operations in Pennsylvania and affiliated with the National Association for the Advancement of Colored People. (Id. ¶ 5.) In the complaint, the PA-NAACP alleges its members and its Lebanon Chapter were aggrieved by Defendant's actions, and the PA-NAACP diverted resources to addressing Defendant's alleged actions with respect to the truancy fines. (Id.) The PA-NAACP's claims are not brought as a class representative. (Id.)

On April 5, 2012, Plaintiffs filed a motion for class certification, proposing that the following individuals be certified as a class: "[a]ll persons who had fines in excess of $300 per citation for truancy violations in the Lebanon School District. . . and who have paid an amount in excess of $300 plus costs on a citation." (Doc. No. 33.) On June 28, 2012, the Court granted the motion for class certification. (Doc. No. 43.) Soon after, Defendant filed a motion for summary judgment. (Doc. No. 45.) Plaintiffs filed their own motion for partial summary judgment on Count II of their complaint seeking a declaratory judgment on their state law claims. (Doc. No. 48.) Both motions have been briefed and are now ripe for disposition. The Court will evaluate each motion in turn, discussing Defendant's motion for summary judgment first, and proceeding to Plaintiffs' motion for partial summary judgment.

## II.     STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The Court must

view the underlying facts and all reasonable inferences flowing from these facts in the light most favorable to the party opposing the motion. P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir. 2006). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the law applicable to the case. Levendos v. Stern Entm't, Inc., 860 F.2d 1277, 1229 (3d Cir. 1988). A dispute is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999).

The summary judgment standard does not change when parties have filed cross-motions for summary judgment. Applemans v. City of Phila., 826 F.2d 214, 216 (3d Cir. 1987). The court must rule on each party's motion on an individual basis, determining separately for each side whether summary judgment may be entered. Marciniak v. Prudential Fin. Ins. Co. of Am., 184 F.App'x. 266, 270 (3d Cir. 2006). If review of cross-motions reveals no genuine issue of material fact, then judgment may be granted in favor of the party entitled to judgment in view of the law and undisputed facts. Iberia Foods Corp. v. Romeo, 150 F.3d 298, 302 (3d Cir. 1998) (citation omitted).

The standard for granting summary judgment on a declaratory judgment request is identical to any other type of relief. Cloverland-Green Spring Dairies, Inc. v. Penn. Milk Mktg. Bd., 298 F.3d 201, 210 (3d Cir. 2002). After viewing the record in the light most favorable to the non-moving party, a court may enter summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002).

## III.    DISCUSSION

## A.      Defendant's motion for summary judgment

In Count I of their complaint, Plaintiffs allege that Defendant collaborated with the magisterial district courts by "selectively seeking reduction of statutorily excessive fines" and therefore denied Plaintiffs equal protection of the laws.  (Doc. No. 1 ¶ 32.)  Plaintiffs claim that Defendant's exclusion of class members with paid truancy fines from the class of truancy fines that were reduced was arbitrary and capricious.  (Id. ¶ 18.)  Plaintiffs further allege that Defendant used "undisclosed criteria" to determine which excessive fines would be selected for adjustment, and therefore intentionally deprived Plaintiffs of due process.  (Id.  ¶ 33.)

Section 1983 applies to "[e]very person who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983.  When the defendant's actions do not burden a fundamental right, nor target a fundamental class, the Court reviews the plaintiff's claims under rational basis review.  Doe v. PA Bd. of Probation & Parole, 515 F.3d 95, 108 (3d Cir. 2008).  To survive rational basis review, the state action must bear a rational relationship to some legitimate end.  Id.  Although this is a low threshold, the Supreme Court has emphasized that a relationship must exist between the classification adopted and the object to be obtained.  FCC v. Beach Comm., Inc., 508 U.S. 307, 313 (1993).

Defendant advances three principal arguments supporting its motion for summary judgment: (1) Plaintiffs' claims are time-barred and raised against the wrong party, (2) the Pennsylvania National Association for the Advancement of Colored People (PA-NAACP) lacks standing to bring this action, and (3) Plaintiffs have not produced any evidence that Defendant

was involved in setting or reducing truancy fines.  (Doc. No. 47 at 2.)  The Court will separately address each argument.

### 1. *Plaintiffs' claims are time-barred and raised against the wrong party.*

Defendant first claims that Plaintiffs are barred from challenging the fines as a matter of law because fines imposed by a magisterial district court must be appealed within thirty days following a conviction.  (Id.)  Second, Defendant argues that Plaintiffs' lawsuit must be dismissed because it is raised against the wrong party, claiming that Plaintiffs' challenge to the legality of the truancy fines must be presented to the sentencing court or the proper appellate court.  (Id. at 8.)

The Court finds that Plaintiffs' claims are not time-barred, because Plaintiffs are not challenging the imposition of fines.  (Doc. No. 53 at 15.)  Instead, Plaintiffs have brought a Section 1983 claim, alleging that Defendant arbitrarily reduced unpaid truancy fines while neglecting to adjust paid truancy fines.  (Id.)  Second, the Court finds that Plaintiffs' claims are directed to the correct party.   Plaintiffs are challenging Defendant's alleged selective reduction of excessive truancy fines, not the legality of the sentence imposed by the magisterial district courts.  (Id. at 16.)

### 2. *The PA-NAACP lacks standing to pursue this action.*

 Defendant identifies two separate grounds on which they claim that the PA-NAACP fails to meet standing requirements.  First, Defendant claims that the PA-NAACP does not have standing because it cannot identify a PA-NAACP member who paid a fine in excess of the statutory maximum.  (Doc. No. 47 at 10.)  Defendant also argues, without citing any legal

authority, that a PA-NAACP member must be part of the certified class in order for the PA-NAACP to have standing. (Id.) Plaintiffs, in response, have produced evidence that Monique Copeland, a PA-NAACP member and Vice-President of the Lebanon chapter, paid a fine of $600, twice the statutory maximum. (Doc. No. 53 at 17; Doc. No. 54-4 at 8; Doc. No. 54 at 6.)

The Court finds that Defendant's argument that the PA-NAACP should be dismissed for lack of standing because it has not identified any member who paid excessive truancy fines is without merit, because Plaintiffs have identified Ms. Copeland, a member of the PA-NAACP who paid an excessive truancy fine. (Id.) Similarly, the Court also rejects Defendant's argument that the PA-NAACP should be dismissed because it has not identified a PA-NAACP member who is part of the certified class. In this case, the certified class consists of all persons against whom the magisterial district court imposed fines exceeding $300 plus costs per citation for truancy violations, and who have paid an amount exceeding $300 plus costs on any single truancy citation. (Doc. No. 43 at 8.) Ms. Copeland is therefore a member of the class presented to the Court, rendering Defendant's argument inapposite.

**3.** ***Defendant did not collaborate with the magisterial district courts to set or reduce truancy fines.***

Defendant argues that it is entitled to summary judgment because the record demonstrates that it was not involved in setting truancy fines. (Doc. No. 47 at 5.) In support, Defendant cites the deposition of its attendance officer, Robert Bowman, who testified that only the magisterial district courts fill in the fine amount on truancy citations. (Doc. 46-1 at 9-10.) Defendant also relies on the compulsory school attendance statute itself, arguing that the Pennsylvania Public School Code does not give Defendant authority to set or impose a fine, but instead delegates that

authority to the magisterial district court.  (Doc. No. 47 at 6.)

Plaintiffs dispute Defendant's argument that the record shows it was not involved in setting or reducing truancy fines.  First, Plaintiffs cite a letter written by Judge Maria F. Dissinger on the magisterial district court for Lebanon County, which instructs Defendant that "[f]rom this date forward all citations citing a truancy violation . . . shall be properly completed which includes leaving the 'fine amount' block blank."  (Doc. No. 53 at 4-5; Doc. No. 54-2.)   Plaintiffs also cite an interrogatory and an attendance log that shows Defendant stated it was involved in setting the amount of truancy fines.  (Doc. No. 53 at 6; Doc. No. 54-3;  Doc. No. 54-4 at 3.)

The Court finds that Plaintiffs, as the non-moving party, have produced evidence sufficient to show a genuine dispute of fact about whether Defendant was involved in setting fines.  The letter creates the reasonable inference that Defendant was involved in setting fines, requiring Judge Dissinger to instruct Defendant that the fine amount block on truancy citations was to be left "blank."  The interrogatory and attendance log also create the reasonable inference that Defendant was involved in setting truancy fines.  Accordingly, Plaintiffs have shown that a genuine dispute of material fact exists about Defendant's role in setting fines.

Plaintiffs, however, are not challenging the imposition of truancy fines.  Instead, Plaintiffs allege that Defendant collaborated with the magisterial district courts to reduce unpaid truancy fines to the amount allowable under 24 Pa. Stat. § 13-1333(a)(1), while retaining paid truancy fines regardless of whether they complied with the statutory maximum.  (Doc. No. 1 ¶ 32.) Because Defendant's alleged reduction of unpaid fines is at the heart of Plaintiffs' equal protection claim, Plaintiffs must produce evidence sufficient to create a genuine dispute of material fact about Defendant's actions in <u>reducing</u> the truancy fines.  Accordingly, the Court

will next address whether Plaintiffs have produced evidence sufficient to rebut Defendant's claim that it did not collaborate with the magisterial district courts to reduce excessive truancy fines.

Defendant argues that "[n]othing in the record" supports Plaintiffs' position that Defendant collaborated with the magisterial district courts to reduce any fines. (Doc. No. 47 at 6.) Additionally, Defendant argues that it does not have any records regarding the amount of truancy fines imposed, so even if Defendant wanted to refund the fines, it would not have the information necessary to do so. (Id.) Accordingly, Defendant argues there is no genuine dispute of material fact about its role in reducing the fines. (Id.)

In response to Defendant's argument that it did not collaborate with the magisterial district courts to reduce fines, Plaintiffs have produced two separate pieces of evidence rebutting Defendant's claim. First, Plaintiffs point to the reduction of parent Sheila Wilson's three separate $9,000 truancy fines to the amount she had previously paid, after the PA-NAACP brought Ms. Wilson's fine to the attention of Defendant in March 2010. (Doc. No. 53 at 10.) Two weeks later, Ms. Wilson's fine was reduced by the magisterial district court. (Id.) Plaintiffs argue that this evidence creates the reasonable inference that Ms. Wilson's fine was reduced at the request of Defendant, because Defendant recognized the excessiveness of the fine could give rise to a lawsuit. (Id. at 11.) Second, Plaintiffs have produced Lebanon School District Superintendent Marianna Bartley's sworn testimony about her phone call with Judge Maria F. Dissinger of the magisterial district court. (Id.) Superintendent Bartley testified that Judge Dissinger told her that "she was aware of all this lawsuit type of thing and said something along the lines of do you want me to work with the families, you know, and help the scenario," and Superintendent Bartley said "[Y]es. I think that it would a good thing if we can work with the

families." (Doc. No. 54-9 at 5.) Plaintiffs argue that this evidence creates the reasonable inference that Defendant played a role in reducing outstanding truancy fines. (Doc. No. 53 at 11.)

The Court finds that Plaintiffs have produced evidence creating a genuine dispute of material fact about Defendant's role in reducing truancy fines. Defendant has wholly denied colluding with the magisterial district courts to set or reduce excessive truancy fines, despite Plaintiffs' evidence to the contrary. Moreover, Defendant has not produced any evidence supporting a finding that Defendants had a "rational basis" for discriminating between the two classes of fines. Were Defendant to articulate legitimate policy objectives justifying the reduction of only unpaid fines, Defendant's decision would not rise to the level of a constitutional violation. See Bd. of Trustees of Univ. of Al. v. Garrett, 531 U.S. 356, 366-67 (2001) (citation and quotation marks omitted) ("[W]here a group possesses distinguishing characteristics relevant to interests the State has the authority to implement, a State's decision to act on the basis of those difference does not give rise to a constitutional violation."). Given the disputed evidence concerning Defendant's collusion with the magisterial district courts to reduce truancy fines, and Defendant's failure to articulate any policy objectives justifying the reduction of only unpaid fines, the Court finds that Defendant is not entitled to summary judgment on the grounds advanced in its motion.

## B.     Plaintiffs' motion for partial summary judgment

Plaintiffs have moved for partial summary judgment on Count II of their complaint, seeking a declaratory judgment that Defendant be prohibited from receiving truancy fines in excess of the statutory maximum under 24 Pa. Stat. § 13-1333(a)(1), and that Defendant was

unjustly enriched by retaining excessive truancy fines and therefore must make restitution to

Plaintiffs. (Doc. Nos. 48, 49.) The Court has supplemental jurisdiction over Plaintiffs' state law

claims pursuant to Section 1367(a). 28 U.S.C. § 1367(a). For the reasons that follow, the Court

will deny in part and grant in part Plaintiffs' motion.

     1.     ***Defendants cannot receive truancy fines in excess of $300 plus costs per citation.***

Plaintiffs argue they are entitled to a declaratory judgment that Defendant is not

authorized to receive or retain truancy fines that are greater than $300 plus costs, because Section

13-1333(a)(1) limits the magisterial district courts to issuing truancy fines of $300 plus costs per

citation. (Doc. No. 49 at 5-6.) Plaintiffs assert that a declaratory judgment interpreting Section

13-1333's limitations is necessary to ensure Defendant will reject any excessive truancy fines

imposed by the magisterial district courts in the future. (<u>Id.</u> at 8.)

     a.     **Supplemental Jurisdiction over Count II of Plaintiff's Complaint.**

At the outset, Defendant argues that the Court should decline to exercise supplemental

jurisdiction over Count II of Plaintiffs' complaint. (Doc. No. 50 at 2.) Defendant argues that this

dispute should instead be decided by the state courts in the first instance, because no state court

has published an opinion interpreting the maximum fine allowable for a truancy citation. (<u>Id.</u>)

Courts may exercise supplemental jurisdiction over a state law claim that shares a

"common nucleus of operative fact" with the federal claim. 28 U.S.C. § 1367(a). Courts are

directed to evaluate whether exercising jurisdiction over the state law claims advances the

principles of judicial economy, convenience, and fairness to the parties. <u>Borough of West</u>

<u>Mifflin v. Lancaster</u>, 45 F.3d 780, 788 (3d Cir. 1995). When a federal claim remains present in

the suit, the district court should determine whether the state and federal claims have "such a common nucleus of operative fact" that a plaintiff would ordinarily be expected to try them together in one judicial proceeding. Markowitz v. Northeast Land Co., 906 F.2d 100, 106 (3d Cir. 1990).

At this juncture in the litigation, the Court finds that judicial economy, convenience, and fairness to the parties all weigh in favor of keeping Plaintiffs' state law claims joined with their federal claims, as both sets of claims arise out of the same "nucleus of operative fact." The Court rejects Defendant's argument that state courts should decide the "maximum fine allowable" for truancy fines in the first instance as inapposite, because Plaintiffs are challenging Defendant's alleged selective adjustment of truancy fines, not the imposition of truancy fines. Accordingly, the Court will continue to exercise supplemental jurisdiction over Count II of Plaintiff's complaint.

### b.      Declaratory Judgment

Plaintiffs argue that Defendant's entitlement to truancy fines is governed by 24 Pa. Stat. § 13-1333(a)(1), which limits the magisterial district courts' ability to issue truancy fines in excess of $300 plus costs per citation. (Id. at 5-6.) Plaintiffs assert that because Defendant has received and retained excessive truancy fines from the magisterial district courts in the past, a declaratory judgment capping its ability to receive fines in excess of Section 13-1333(a)(1) is necessary so Defendant will reject excessive truancy fines in the future. (Id. at 8.)

In response, Defendant argues that the Court should not issue the requested declaratory judgment because it would be an illusory remedy. Defendant maintains that because the magisterial district courts have the sole authority to set and impose truancy fines, a declaratory

judgment capping Defendant's ability to accept fines would not affect the operations of the

magisterial district courts, who set and collect the fines.  (Doc. No. 50 at 3.)  To support its

argument, Defendant incorporates the same evidence presented in its own motion for summary

judgment.[1]  Namely, Defendant maintains that the compulsory school attendance statute itself

does not give Defendant authority to set or impose a fine, and because "the source of the funds is

not specified" on the lump sum checks it receives from the magisterial district courts, Defendant

cannot determine whether the courts have imposed excessive truancy fines.  (Doc. No. 47 at 6.)

The Declaratory Judgment Act, 28 U.S.C. § § 2201 and 2202, provides a remedy that may

be used by the federal courts in certain circumstances.  The statute provides that a court "may

declare the rights . . . of any interested party."  28 U.S.C. § 2201(a).  Jurisdiction conferred by

this act is discretionary and the district courts are under no compulsion to exercise it.  Atlantic

Mut. Ins. Co. v. Gula, 84 F. App'x. 173, 174 (3d Cir. 2003) (citation and quotation marks

omitted).  Under the Declaratory Judgment Act, district courts possess discretion in determining

whether to entertain the action, even if the suit otherwise satisfies the prerequisites for subject

matter jurisdiction.  Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).  The United States

Court of Appeals for the Third Circuit's precedents "counsel hesitation" by federal courts in

exercising jurisdiction over declaratory judgment actions when the state law involved is close or

unsettled.  State Auto Ins. Co. v. Summy, 234 F.3d 131, 135 (3d Cir. 2000).  District courts

should give "serious consideration" to the fact that they "do not establish state law, but are

limited to predicting it."  Id.  A parallel state court proceeding is not a prerequisite to declining

---

[1] The Court will consider Defendant's incorporated arguments, although the Middle
District of Pennsylvania Local Rule 7.8(a) makes clear that "[n]o brief may incorporate by
reference all or any portion of any other brief."

jurisdiction, but is instead one factor a court should consider.  Id. at 134-35.  Neither is a party's

objection to a district court's exercise of jurisdiction over a declaratory judgment action

necessary for a court to find it should decline jurisdiction.  Id. at 136.  On the other hand, a

district court does not have absolute discretion to decline jurisdiction when the issues presented

include federal statutory interpretation, the government's choice of a federal forum, an issue of

sovereign immunity, or inadequacy of the state proceeding.  Id. at 134.

After reviewing the issues presented, the Court declines to exercise jurisdiction over

Plaintiffs' request for a declaratory judgment on the implications of Section 13-1333(a)(1) for

Defendant.  There are no federal questions presented in this dispute that would necessarily weigh

in favor of the district court exercising jurisdiction, and the requested relief would require the

Court to interpret unclear state law.  As admitted by both parties, Section 13-1333(a)(1) limits

the ability of the magisterial district courts to issue truancy fines, not the school district's ability

to accept truancy fines.  In issuing the declaratory judgment requested by Plaintiffs, the Court

would be limited to predicting state law.  The Court declines to do so, and will not exercise

jurisdiction over this declaratory judgment request.

> **2.**     ***Defendants should make restitution to Plaintiffs for excessive truancy***
> ***fines paid to the magisterial district courts.***

The Court turns to Plaintiffs' second state law claim for relief, seeking a declaratory

judgment that Plaintiffs are entitled to restitution for any truancy fines retained by Defendant that

were in excess of the amount allowable under 24 Pa. Stat. § 13-1333(a)(1).  (Doc. No. 49 at 2.)

Plaintiffs advance two principal arguments in favor of restitution.  First, Plaintiffs argue that

Defendant has been unjustly enriched by retaining excessive fines.  Second, Plaintiffs argue that

restitution is necessary because Plaintiffs' payment of excessive truancy fines resulted from a

mistake of law. The Court will address Plaintiffs' two arguments in favor of restitution

separately. Because Plaintiffs' state law claims fall under the Court's supplemental jurisdiction

pursuant to Section 1367(a), the Court must turn to Pennsylvania law to determine whether

Defendant has been unjustly enriched, and whether Plaintiffs' alleged mistake of law permits

restitution. See Felder v. Casey, 487 U.S. 131, 151 (1988).

### a.      Unjust enrichment

Under Pennsylvania law, "a person who has been unjustly enriched at the expense of

another must make restitution to the other." Wilson Area Sch. Dist. v. Skepton, 895 A.2d 1250,

1254 (Pa. 2006) (citation omitted); see also Wilson Co. v. Douredoure, 154 F.2d 442, 445 (3d

Cir. 1946) (finding that an individual unjustly enriched by money to which he is not entitled to is

"obliged" to refund the money). As construed by Pennsylvania courts, the "essential" elements

of unjust enrichment are (1) benefits conferred on defendant by plaintiff, (2) appreciation of such

benefits by defendant, and (3) acceptance and retention of such benefits under circumstances that

make it inequitable for defendant to retain benefits without payment. Burgettstown-Smith Twp.

Joint Sewage Auth. v. Langeloth Townsite Co., 588 A.2d 43, 45 (Pa. 1991) (citation omitted).

Courts must focus on whether the defendant's retention of the benefit is sufficiently

unjust to make ordering restitution the appropriate remedy. Styer v. Hugo, 619 A.2d 347, 350

(Pa. 1993) ("[T]he most significant element of the doctrine is whether the enrichment is

unjust."). The doctrine of unjust enrichment may apply even if the party who received the benefit

did so without wrongful intent or knowledge of the circumstances that would make retaining the

benefit unconscionable. Burgettstown-Smith Twp., 588 A.2d at 45. Accordingly, the party

ordered to make restitution may be completely innocent of any wrongdoing. Torchia ex. rel.

<u>Torchia</u>, 499 A.2d 581, 584 (Pa. Sup. Ct. 1985).

Plaintiffs argue that Defendant has met all three elements of unjust enrichment. First, Plaintiffs assert that they conferred a benefit on Defendant by paying truancy fines in excess of the amount allowable by statute to the magisterial district court. Second, they contend that Defendant appreciated this benefit by accepting the magisterial district court's payments of excess truancy fines and depositing the funds into their general operations account. Finally, they assert that Defendant retained this benefit by failing to reimburse any individuals who paid the excessive truancy fines. (Doc. No. 49 at 9.) Plaintiffs emphasize that Defendants' retention of these payments is unjust because Defendant was never legally entitled to truancy fines of over $300 plus costs per citation under 24 Pa. Stat. 13-1333(a)(1). (<u>Id.</u> at 11.) Plaintiffs further argue that even if Defendant received the monies as the result of "mistaken, invalid, and <u>ultra vires</u> actions" by the magisterial district courts, Defendant should still be held accountable for retaining the monies because unjust enrichment does not require that the benefitted party acted wrongfully. (<u>Id.</u>)

In response to Plaintiffs' arguments, Defendant concedes that it retained the allegedly excessive truancy fines paid to the courts by Plaintiffs. (Doc. No. 50 at 4.) Defendant, however, argues that the Court should not find Defendant has been unjustly enriched. First, Defendant maintains that Plaintiffs' claims for equitable relief are barred by state law because Plaintiffs failed to appeal their fines within 30 days, and equitable remedies are not available when an "adequate and complete statutory remedy" exists. (<u>Id.</u> at 3.) Defendant also argues that it would be unjust to order Defendant to make restitution to Plaintiffs, claiming that it has not budgeted for the repayment of the fines. (<u>Id.</u> at 4-5.) Defendant further asserts that Plaintiffs' own failure

to pursue an appeal resulted in their payment of excessive truancy fines.  (Id. at 7.)  Finally,

Defendant maintains that although it was a passive recipient of the truancy fines, Defendant can

distinguish itself from cases in which Pennsylvania courts have ordered passive parties to make

restitution because Defendant suffers a harm that is addressed by the truancy fines.  (Id. at 8.)

  The Court finds Defendant's arguments to be without merit.  First, Plaintiffs are not

challenging the imposition of their sentences.  Instead, Plaintiffs are alleging that Defendant

collaborated with the magisterial district courts to reduce only unpaid truancy fines in violation

of the Equal Protection Clause.  No statutory remedy exists for Plaintiffs' equal protection claim,

and therefore Defendant's argument that Plaintiffs must first exhaust their statutory remedies is

unavailing.  Second, under Pennsylvania law, unjust enrichment does not require finding that the

defendant has budgeted for repayment.  Accordingly, Defendant's argument that it would be

inequitable to require Defendant to reimburse the monies because it has not budgeted for

repaying the fines is unavailing.   Third, the Court finds that Defendant's argument that it only

received the fines as a result of Plaintiffs' failure to file an appeal is inapposite.  Finally, the

Court finds that Defendant's argument that restitution is not appropriate because the fines

prevent truancy is unsupported by legal analysis, and therefore the Court rejects Defendant's

argument.

  After analyzing the facts and evidence in the light most favorable to Defendant, the Court

finds that Defendant has been unjustly enriched and Plaintiffs are entitled to restitution.

Plaintiffs conferred a benefit on Defendant by paying excessive truancy fines to the magisterial

district courts, which were then remitted to Defendant.  Second, Defendant appreciated the

benefit, as the truancy fines were deposited into Defendant's general expenses fund.  Third,

Defendant retained the benefits, as Defendant concedes "there is no question that [Defendant] has received money from the truancy fines paid to the courts by Plaintiffs." (Doc. No. 50 at 4.) Looking at the facts in the light most favorable to Defendant, even if Defendant was unaware that the magisterial district courts were imposing fines in excess of the statutory maximum, Pennsylvania law is clear that wrongdoing on the part of the benefitted party is not necessary to find unjust enrichment. Accordingly, Plaintiffs are entitled to a declaratory judgment that Defendant was unjustly enriched by its receipt of excessive truancy fines.

### b.     Mistake of law

Plaintiffs' second argument in favor of restitution is that they paid the excessive truancy fines as the result of a mistake of law, mistakenly believing that fines in excess of the statutory maximum were legal. (Doc. No. 49 at 13.) Although the Court has found that Plaintiffs are entitled to restitution on a theory of unjust enrichment, the Court will address Plaintiffs' mistake of law arguments and Defendant's responses thereto in the interest of completeness.

In contrast to unjust enrichment, restitution based on mistake of law generally presents itself when parties have made a voluntary payment of law as a result of misunderstanding their legal rights arising under a contract. Under Pennsylvania law, payments resulting from a mistake of law are generally not recoverable. Acme Markets v. Valley View Shopping Center, 493 A.2d 736, 737 (Pa. 1985). Pennsylvania courts, however, have recognized exceptions to the general rule that restitution is not available to payments made as the result of a mistake of law. The exceptions are as follows: (1) mutual mistake of both parties demands restitution, Sanner v. Unique Lodge No. 3, Knights of Pythias of Rockwood, 33 A.2d 518, 521 (Pa. Super. Ct. 1943); (2) restitution would restore the parties to the status quo ante, In re Com. Trust Co. of Pittsburgh,

54 A.2d 649, 653 (Pa. 1947) (Maxley, C.J., concurring); and (3) the equitable circumstances of the case warrant recovery, First Nat'l Bank v. Rockefeller, 5 A.2d 205, 207 (Pa.1939).

Plaintiffs argue that their circumstances fit all three exceptions to the general rule that restitution is unavailable for mistakes of law. (Doc. No. 49 at 14.) First, Plaintiffs argue that restitution is available because both Plaintiffs and Defendant made a mutual mistake of law in relying on the magisterial district courts' interpretation of the maximum allowable truancy fine. (Id. at 15.) Second, Plaintiffs contend that ordering restitution is appropriate because Defendant has not acted in reliance on Plaintiffs' excess truancy fines, and therefore returning the excess payments would simply restore the parties to the status quo ante. (Id.) Finally, Plaintiffs maintain that their equitable circumstances simply warrant recovery. (Id. at 16.)

In response, Defendant argues that Plaintiffs' arguments are inapposite. (Doc. No. 50 at 8.) Defendant contends that because the mistake-of-law cases cited by Plaintiffs involved contracts, those cases should not control the Court's decision. (Id.) Defendant also claims that because both parties relied upon the courts to adjudicate truancy matters, neither party was mistaken about the law in a way that influenced the actions of the other party. (Id.)

The Court finds that Plaintiffs are not entitled to restitution on the grounds that their circumstances fit the three general exceptions for mistake-of-law recovery. First, the Court finds that genuine disputes of material fact continue to exist about whether Defendant was aware that the magisterial district courts were imposing excessive truancy fines, and if Defendant collaborated with the courts to set excessive truancy fines. (Doc. No. 53 at 4-5; Doc. No. 54-2.) It is therefore not clear that Defendant and Plaintiff were both mistaken about the law at the time the excessive truancy fines were imposed by the magisterial district courts. Accordingly, the

Court finds that Plaintiffs are not entitled to restitution based on mutual mistake of law.

Second, the Court finds that a genuine dispute of fact exists about whether requiring Defendant to pay back money deposited into its general operational fund several years ago would restore the parties to the status quo ante.  (Doc. No. 52 ¶ 14.)  Defendants have characterized the amount of money sought by Plaintiffs as "not a small sum," and claim they have failed to budget for the repayment of the fines.[2]  (Doc. No. 50 at 5.)  Given that genuine disputes of fact remain about whether repayment would restore the parties to the status quo ante, the Court rejects Plaintiffs' status quo ante argument.

Finally, the Court finds that Plaintiffs are not entitled to restitution on the grounds that their circumstances simply warrant equitable relief.  On review of the authorities cited by Plaintiffs for this proposition, the Court finds that Plaintiffs have erred in presenting this exception to mistake-of-law recovery in such broad terms.  In First Nat. Bank v. Rockefeller, the Supreme Court of Pennsylvania acknowledged "the reluctance of the courts to sanction gross injustice" resulting from a mistake of law.  5 A.2d 205, 207 (Pa. 1939).  In their analysis, however, the court emphasized that "it is fundamental that in order for a contract to be rescinded for [mistake of law], it must be possible to return the parties to the same situation."  Id. (quotation and citation marks omitted).  The court also acknowledged that Pennsylvania courts had refused relief when the "parties cannot be restored to their original position."  Id.  As discussed previously, the record reveals genuine disputes of material fact about whether the

---

[2] Plaintiffs further argue that even if Defendant had spent the money, repayment would still be warranted under the Supreme Court of Pennsylvania's ruling in Donner v. Sackett, 97 A. 89, 90 (Pa. 1916).  As that case concerned a payment of money by plaintiffs under a "manifest mistake of fact," the Court finds that it does not control its mistake of law analysis here.

parties can be restored to the same position as they were following restitution. Accordingly, the Court rejects Plaintiffs' equitable circumstances argument.

IV.    **CONCLUSION**

Defendant is not entitled to summary judgment on the grounds advanced in its motion. (Doc. Nos. 45, 47.)  As a threshold issue, the Court rejects Defendant's argument that Plaintiffs' claims are time-barred, and Plaintiffs have raised their claims against the incorrect party.  The Court also finds that Defendant's argument that the PA-NAACP should be dismissed because it lacks standing is without merit.  Finally, the Court finds that Plaintiffs have produced evidence sufficient to create a dispute of material fact about whether Defendant may have collaborated with the magisterial district courts to reduce truancy fines, and Defendant has failed to articulate any legitimate policy objective justifying its alleged selective adjustment of fines.

Plaintiffs are entitled to partial summary judgment in part on the grounds advanced in their motion. (Doc. Nos. 48, 49.)  First, the Court declines to exercise jurisdiction over Plaintiffs' request for a declaratory judgment that Defendant cannot receive truancy fines in excess of $300 plus costs per citation.  Second, the Court finds that Plaintiffs have demonstrated they are entitled to summary judgment on their unjust enrichment claim, because Defendant accepted, benefitted, and retained truancy payments in excess of the amount allowable by Pa. Stat. § 13-1333(a)(1).  The Court also finds that Plaintiffs are not entitled to restitution on the grounds they paid the truancy fines as the result of a mistake of law.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROSA RIVERA, <u>et</u> <u>al.</u>,** | : | |
| **Plaintiffs** | : | **No. 1:11-cv-147** |
| | : | |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **LEBANON SCHOOL DISTRICT,** | : | |
| **Defendant** | : | |

## <u>ORDER</u>

**AND NOW,** on this 20th day of November 2012, for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT:**

1. Defendant's motion for summary judgment (Doc. No. 45) is **DENIED**;

2. Plaintiffs' motion for partial summary judgment (Doc. No. 48) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' motion for summary judgment is **DENIED** to the extent that it requests a declaratory judgment that Defendant is not entitled to receive truancy fines in excess of the statutory maximum, and Plaintiffs' motion for summary judgment is **GRANTED** to the extent that it requests a declaratory judgment that Defendant was unjustly enriched.

3. The Clerk of Court shall defer entering judgment until all claims have been adjudicated.

4. A telephonic case management conference will be held in the above-captioned case on Monday, November 26, 2012 at 10:00 a.m. Plaintiffs' counsel is directed to initiate the call. The Court's telephone number is 717-221-3990.

22

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania