IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROSa RIVERA, et al., :
    Plaintiffs :
: No. 1:11-cv-147
v. :
: (Chief Judge Kane)
LEBANON SCHOOL DISTRICT, :
    Defendant :

## MEMORANDUM

Plaintiffs move the Court to provisionally approve a proposed settlement of the above-captioned class action lawsuit against Defendant, Lebanon School District, and to schedule a fairness hearing pursuant to Federal Rule of Civil Procedure 23(e). (Doc. No. 77.) For the reasons that follow, the Court will grant the motion.

## I.    BACKGROUND

Plaintiffs, parents of children attending school in the Lebanon School District, filed a complaint in this Court on January 20, 2011. In Count I of their complaint, Plaintiffs alleged that Defendant refused to reimburse individuals that paid truancy fines in excess of the statutory maximum, but simultaneously reduced any unpaid truancy fines to comply with the statutory limit. (Doc. No. 1.) Plaintiffs argued that Defendant's distinction between paid and unpaid truancy fines was arbitrary and violated the Equal Protection Clause. In Count II of their complaint, Plaintiffs sought restitution of any portion of paid truancy fines above the amount allowable by statute under a state-law theory of unjust enrichment. (Id.)

On the parties' cross motions for summary judgment, the Court denied Defendant's motion for summary judgment on all counts of Plaintiffs' complaint, and granted Plaintiff's motion for summary judgment on Count II. (Doc. No. 68.) Following the Court's order on their

1

respective motions for summary judgment, the parties agreed to engage in settlement negotiations. Plaintiffs now move the Court to grant provisional approval of their proposed settlement agreement of their remaining claims in this class action. (Doc. No. 77.)

## II. DISCUSSION

### A. Preliminary Approval

Unlike settlements in other types of cases, the Court must approve the settlement of any class action. Fed. R. Civ. P. 23(e). Review of a proposed class action settlement involves a two-step process: preliminary approval and a subsequent fairness hearing. At this stage, Plaintiffs move solely for preliminary approval of the proposed settlement. Thus, the Court's inquiry is limited to determining whether the agreement appears to be the product of "serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." In re Nasdaq Market-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997); see also Mehling v. N.Y. Life Ins. Co., 246 F.R.D. 467 (E.D. Pa. 2007).

On review, the Court is satisfied that the proposed settlement agreement is the result of serious, informed, non-collusive negotiations. The parties engaged in nearly six months of discovery; Defendant had the opportunity to challenge Plaintiffs' witnesses on cross-examination during the class certification hearing; and the parties exchanged pre-trial statements listing witnesses and trial exhibits prior to the Court's order on each side's motion for summary judgment. (Doc. No. 77-1 at 9.) Accordingly, the Court concludes that each side was able to effectively weigh the risks and costs of trying the remaining issues in an informed manner during the settlement negotiations.

2

Moreover, the Court further finds that the proposed settlement agreement does not have any obvious deficiencies, and neither does it improperly grant preferential treatment to class representatives or segments of the class. Although the three remaining named plaintiffs will receive $3,000 each under the proposed agreement, in addition to any reimbursement to which they are otherwise entitled, this incentive award will be taken from unclaimed reimbursements at the end of the claims period. (Doc. No. 77-1 at 10.) Such incentive awards are permissible in class action litigation, and the proposed incentive awards in this case appear to be reasonable. See Sullivan v. DB Invs., Inc., 667 F.3d 273, 333 n.65 (3d Cir. 2011). Additionally, the proposed amount of attorneys' fees payable to the Public Interest Law Center of Philadelphia represents less than two-thirds of the combined lodestar and costs claimed by class counsel, and will not come from any funds otherwise payable to the class. (Doc. No. 77-1 at 11.) See Samuel v. Equicredit Corp., No. 00-6196, 2002 WL 970396, at *2 n.4 (E.D. Pa. May 6, 2002) ("Based on Class Counsel's representation that this amount is equal or less then [the] lodestar and is less than twenty percent of the value of the settlement afforded to the class, the court preliminarily finds that [the] amount . . . is reasonable.") Thus, the Court will preliminarily approve the settlement.

  **B.**   **Proposed Notice to Class**

In addition to granting preliminary approval to the proposed settlement agreement, the Court must also approve the proposed means for notifying class members. Fed. R. Civ. P. 23(c)(2). Adequate notice is essential to securing due process of law for the class members, whom are bound by the judgment entered in the action. Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 378-79 (1996). Rule 23(c)(2) requires the best notice "practicable" under the

circumstances, including individual notice to all members who can be identified through reasonable effort. For individuals whose names and addresses cannot be determined by reasonable efforts, notice by publication will suffice under Rule 23(c)(2) and the Due Process Clause. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 317-18 (1950).

Here, the parties propose that class members will be notified through individual first-class mail; the proposed settlement will be published in English and Spanish in the Lebanon Daily News; and, notice of the settlement will be posted on the Lebanon School District's website. (Doc. No. 77 at 7-8.) The Court is satisfied that the proposed notice provisions are adequate to notify class members. Moreover, the Court also finds that the form of the notice is sufficient to inform class members of their rights. The proposed notice is bilingual; identifies criteria for class members; explains how the proposed settlement agreement will affect class members' rights to reimbursement; and, alerts them to the process for submitting claims forms. (Id. at 14.) The notice additionally provides instructions for obtaining further information relevant to the litigation and describes the objection procedure. (Id.)

## III. CONCLUSION

For the above-stated reasons, the Court finds that the proposed settlement agreement merits preliminary approval. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSA RIVERA, et al., | : | |
|     Plaintiffs | : | |
| | : | No. 1:11-cv-147 |
| v. | : | |
| | : | (Chief Judge Kane) |
| LEBANON SCHOOL DISTRICT, | : | |
|     Defendant | : | |

## ORDER

**AND NOW**, on this 6th day of March 2013, for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' motion for preliminary approval of the settlement agreement (Doc. No. 77) is **GRANTED**.

2. Defendant is directed to provide notice to class members by first-class mail, newspaper publication, and posting on its website in accordance with Paragraph 8 of the proposed settlement agreement.

3. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court will hold a fairness hearing on April 2, 2013 at 10:00 a.m. in Courtroom No. 4, Eighth Floor, Federal Building, Harrisburg, Pennsylvania.

4. Any party wishing to file briefs and materials in support of final judicial approval of the settlement agreement, as well as the fee petition and supporting papers, must serve the materials on the Court and all parties at least ten calendar days prior to the fairness hearing.

                                                S/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania