IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROSa RIVERA, et al., :
    Plaintiffs :
: No. 1:11-cv-00147
v. :
: (Chief Judge Kane)
LEBANON SCHOOL DISTRICT, :
    Defendant :

**MEMORANDUM**

On March 8, 2013, the Court preliminarily approved the parties' proposed settlement of the above-captioned action. (Doc. No. 78.) Pursuant to Federal Rule of Civil Procedure 23(e), the Court held a fairness hearing on the proposed settlement agreement on April 4, 2013. (Doc. No. 83.) For the reasons that follow, the Court will grant final approval to the terms of the settlement agreement.

**I.    BACKGROUND**

Plaintiffs, parents of children attending school in the Lebanon School District, filed a civil rights action in this Court on January 20, 2011. Plaintiffs' complaint alleged that Defendant Lebanon School District had refused to reimburse parents who paid truancy fines in excess of the amount allowable by statute, but simultaneously reduced any unpaid truancy fines to comply with the statutory limit. Plaintiff argued that this distinction between paid and unpaid truancy fines was arbitrary and violated the Equal Protection Clause. (Doc. No. 1.) On June 28, 2012, the Court granted Plaintiffs' motion for class certification. (Doc No. 43.) Following the Court's grant of Plaintiffs' motion for partial summary judgment, and denial of Defendant's motion for summary judgment (Doc. No. 68), the parties subsequently reached settlement.

After determining that the parties' proposed settlement merited preliminary approval

1

(Doc. No. 78), the Court held a fairness hearing on the proposed settlement pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure. (Doc. No. 82.) No written or oral objections were submitted at the hearing. (Doc. No. 82.) In accordance with the Court's order of April 17, 2013, Plaintiffs timely submitted briefing in support of their requested attorneys' fees. (Doc. Nos. 83, 84.)

II. DISCUSSION

    A. Fair, reasonable, and adequate

Pursuant to Rule 23(e)(2), the Court may only approve a proposed settlement agreement binding class member after conducting a fairness hearing, and finding that the terms of the agreement are "fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(2). Although the decision of whether to approve a proposed settlement of a class action is left to the sound discretion of the district court, the United States Court of Appeals for the Third Circuit has identified the following factors for district courts to consider when evaluating whether the parties' proposed settlement agreement satisfies Rule 23(e)(2): (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975) (citation and quotation marks omitted).

After reviewing the parties' proposed settlement agreement, and conducting the fairness

hearing on April 4, 2013, the Court is satisfied the settlement agreement is "fair, adequate, and reasonable," and in step with the Girsh factors. First, further litigation on Count I of Plaintiff's complaint, or, appeal on either count, could have delayed reimbursement to class members, as well as jeopardized their eventual recovery. The Court did not receive any written objections prior to conducting the fairness hearing on April 4, 2013, nor did any class members speak out against the proposed settlement during the hearing, leading the Court to find the class is likely in favor of the settlement. With respect to the stage of the proceedings, and, the amount of discovery completed, the Court notes that substantial discovery had been conducted in this case, and the parties had exchanged witness and exhibit lists in anticipation of trial. (Doc. Nos. 62, 63.) Furthermore, the Court had entered its decision on the parties' respective motions for summary judgment. (Doc. No. 68.) Thus, both parties had "an adequate appreciation of the merits of the case" before entering settlement negotiations. Serventi v. Bucks Technical High Sch., 225 F.R.D. 159, 167 (E.D. Pa. 2004).

Although the Court granted partial summary judgment in Plaintiffs' favor (Doc. No. 68), Plaintiffs still faced the risks of establishing liability and damages at trial. Thus, the Court finds these factors also weigh in factor of approving the class settlement. With respect to whether Defendant could have withstood a greater judgment, the Court finds that the parties sought to limit expenses to those necessary to reimburse taxpayers and compensate counsel. Although Defendant's financial resources indicate that it could pay out a larger sum, the Court finds the sum sought is reasonable in light of Plaintiffs' objectives. The Court turns to the final Girsh factor: the range of reasonableness of the settlement fund in light of the best possible recovery and the attendant risks of litigation. Here, the proposed settlement agreement awards class

3

members the relief requested in their complaint, and also awards the named plaintiffs additional compensation. Thus, the Court finds that in light of the attendant risks of litigation, and the "marginal additional relief possible from a favorable outcome," see D.M. v. Terhune, 67 F. Supp. 2d 401, 410-11 (D.N.J. 1999), the proposed settlement agreement is a fair resolution of Plaintiffs' claims. In light of the Court's review of the proposed settlement agreement in accordance with the Girsh factors, the Court finds the proposed agreement is a "fair, reasonable, and adequate" settlement of Plaintiffs' claims.

### B. Attorneys' fees and costs

The Court is also required to approve the amount of requested attorneys' fees in the proposed settlement agreement. See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig., 55 F.3d 768, 819 (3d Cir. 1995). Pursuant to 42 U.S.C. § 1988(b), the Court may award the prevailing party reasonable attorneys' fees. See also Fed. R. Civ. Pro. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."). When a party seeks fees under Section 1988, the starting point for determining the "reasonable" attorneys' fees is the lodestar amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. McKenna v. City of Phila., 582 F.3d 447, 455 (3d Cir. 2009); see also Gen. Motors, 55 F.3d at 821. The lodestar is calculated according to prevailing market rates in the community for attorneys of comparable skill, reputation, and ability. Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 199 (3d Cir. 2000). The petitioner bears the burden of showing that the fees and costs requested are reasonable by producing evidence that supports the hours and costs claimed. See In re Diet Drugs, 582 F.3d 524, 538 (3d Cir. 2009).

4

Plaintiffs' proposed settlement agreement requires Defendant to pay the Public Interest Law Center of Philadelphia $147,000.00 in attorneys' fees and costs for its service as class counsel. (Doc. No. 77 ¶ 7.) Plaintiffs submitted documentary evidence revealing that the Public Interest Law Center of Philadelphia's lodestar amount is $197,094.40 (Doc. No. 84-1 at 57; Doc. No. 84-1 at 64), and Pepper Hamilton LLP's lodestar amount is $24,216.08 (Doc. No. 84-3 at 8). Thus, the requested sum of $147,000.00 in attorneys' fees is a fraction of Plaintiffs' counsel's total lodestar amount of $221,310.48. On review of Plaintiffs' documentary evidence detailing the experience of the attorneys who expended hours litigating this case (Doc. No. 84-1, Doc. No. 84-3), the Court finds the hourly rates charged by Plaintiffs' counsel are reasonable in light of the prevailing market rates in the community for attorneys of comparable skill, reputation, and ability. See Washington, 89 F.3d at 1035. Moreover, after reviewing the documentary evidence submitted by Plaintiffs supporting the number of hours expended by Plaintiffs' counsel, the Court finds that the number of hours is reasonable. See Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990).

The Court will therefore approve Plaintiffs' application for attorneys' fees and costs as part of the proposed settlement agreement. First, in seeking $147,000.00 in attorneys' fees and costs, Plaintiffs request a substantially lower sum than yielded by the lodestar, which is "strongly presumed to yield a reasonable fee." See Wash. v. Phila. Cnty. Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). Second, the parties' agreement on attorneys' fees was negotiated after the size of the fund for class relief was agreed to by the parties, which also weighs strongly in favor of approval. See Staton v. Boeing Co., 327 F.3d 938, 963 (9th Cir. 2003). Finally, as discussed previously, the affidavits and submissions of Plaintiffs' counsel, which document the

attorneys' legal experience in support of the hourly rates charged, demonstrate that the requested fees (Doc. No. 84-1 at 7 ¶ 17; Doc. No. 84-1 at 64) are "adequately documented, reasonable, and appropriately incurred." Yong Soon Oh v. AT&T Corp., 225 F.R.D. 142, 154 (D.N.J. 2004).

## III. CONCLUSION

For the reasons explained above, the Court approves the proposed settlement agreement, and the proposed award of $147,000.00 in attorneys' fees and costs to the Public Interest Law Center of Philadelphia. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROSA RIVERA, et al., :
    Plaintiffs :
     : No. 1:11-cv-147
    v. :
     : (Chief Judge Kane)
LEBANON SCHOOL DISTRICT, :
    Defendant :

# ORDER

**AND NOW**, on this 20th day of August 2013, **IT IS HEREBY ORDERED** that Plaintiffs' proposed settlement of its class action (Doc. No. 77, Ex. A) is **APPROVED**.

**IT IS FURTHER ORDERED THAT** the settlement funds be disbursed as follows:

1. Defendant Lebanon School District will create a fund of $108,000.00 (Class Fund) for the repayment of fines in excess of $300 per citation paid by class members, excepting any amounts credited by the magisterial district courts prior to execution of the settlement agreement (Doc. No. 77 ¶ 4);

2. To the extent that any amounts in the Class Fund remain unclaimed at the close of the claims period, and have not been used to pay for administration costs, Plaintiffs Madeline Echevarria, Omary Rodriguez-Fuentes, and Lenora Hummel shall receive an additional payment of up to $3,000 each, in addition to any amounts they are otherwise entitled to under paragraph four of the settlement agreement (id. ¶ 5);

3. To the extent that any amounts in the Class Fund remain unclaimed after the expenditures described in paragraphs one and two of this Order, any funds remaining shall be used by Defendant to pay for truancy programs consistent with those contained in the Pennsylvania Department of Education's Truancy Toolkit (id.);

4. Defendant shall provide a final accounting of disbursements made to class members within sixty days after the close of the claims period to Class Counsel and the Court, and shall identify in the accounting the amounts of funds, if any are available, that will be directed toward truancy prevention programs (id.);

5. Defendant, in addition to creating the Class Fund, will cover the costs of notice, claims forms, postage, and other necessary expenses in connection with the

distribution of the Class Fund to class members; and, Defendant will cover the costs of locating class members who are no longer directly traceable to the last address known by Defendant through the services of Heffler Claims Administration. The amount to be paid to Heffler by Defendant is capped at $9,000.00 total for the class. Any additional cost for locating class members must be approved by Class Counsel and will be drawn from the Class Fund prior to commencing payment to class members in accordance with paragraph four of the settlement agreement (id. ¶ 6);

6. Defendant will pay attorneys' fees in the amount of $147,000.00 to the Public Interest Law Center of Philadelphia within thirty days of the date of this Order (id. ¶ 7); and

7. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania